UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIANNE ANTCZAK, on behalf of herself and other similarly situated persons<br><br>                Plaintiff,<br><br>vs.<br><br>TD AMERITRADE CLEARING, INC., TD AMERITRADE, INC., TD AMERITRADE INVESTMENT MANAGEMENT, LLC, ULTIMATE FINANCIAL INVESTMENTS, LLC and BRIDGET A. FERNANDEZ, individually and professionally<br><br>                Defendants. | CLASS ACTION<br><br>NO. 2:17-cv-04947 (TJS) |

**MEMORANDUM IN RESPONSE TO THE CORRECTED MEMORANDUM IN SUPPORT OF THE TDA DEFENDANTS' MOTION TO STRIKE THE CLASS ACTION ALLEGATIONS AND COMPEL ARBITRATION OR, IN THE ALTERNATIVE, <u>DISMISS THE COMPLAINT</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................i

PRELIMINARY STATEMENT..........................................................................................1

I. FINRA Rule 12204 Requires This Case to be Filed in Court............................................3

II. Standard of Review for Motions to Strike Class Allegations..........................................3

III. Plaintiff's Classes Are Based Upon Objective Criteria and Thus Are Ascertainable....4

IV. There is No SLUSA Preemption for Any of Plaintiff's State Law Claims Because None of Them Involve Misrepresentations or Omissions in Connection with the Purchase or Sale of a Security..........................................................................................................................11

V. Plaintiff Has Adequately Pled a Breach of Contract Claim Against TD Ameritrade and TD Clearing............................................................................................................................13

V.A. The TD Ameritrade Defendants Have Provided Plaintiff a Copy of her Contract; Plaintiff Will Amend Her Complaint to Assert Claims Against TD Ameritrade and TD Clearing for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing..................................................................................................................................14

VI. Plaintiff Has Adequately Pled a Conversion Claim Against the TD Ameritrade Defendants..........................................................................................................................16

VII. It's a Game Changer Once a Clearing Firm Directly Contacts an IA's/introducing BD's Customers About Issues They Later Sue Over....................................................................18

VIII. Plaintiff Has Adequately Pled a Breach of Fiduciary Duty or Negligence Cause of Action..................................................................................................................................23

IX. A Nationwide Class Can Be Certified Applying the Law of Nebraska.........................27

X. The TD Ameritrade Defendants Made No Attempt to Distinguish the FINRA AWC's Where FINRA Collected Fines and Restitution from a Number of Large BDs for Failing to Establish, Maintain and/or Enforce Supervisory Systems for Daily Leveraged ETFs.....................................................................................................................................28

XI. Plaintiff Has Adequately Pled a § 10(b) "Unsuitability" Claim..................................................................................................................31

XII. Any Applicable Statutes of Limitation Were Tolled by the Deceptive Acts of the TD Ameritrade Defendants..................................................................................................................34

XII.A. Questions of Fact Exist Here As to When a Statute of Limitations Begins to Run..................................................................................................................35

CONCLUSION..................................................................................................................37

**TABLE OF AUTHORITIES**

**CASES**                                              **Page(s)**

*Bourbonnais v. Ameriprise Fin. Servs. Inc.*, No. 14-966, 2015 WL 12991000 (E.D. Wis. Aug. 8, 2015)..................................................................................................8,11,12,33,34,36

*Brown v. E.F. Hutton Group, Inc.*, 991 F.2d 1020 (2d Cir. 1993)..................................................34

*Byrd v. Aaron's Inc.*, 784 F.3d 154 (3rd Cir. 2015)..........................................................................6

*Chadbourne & Park LLP v. Troice*, 134 S. Ct. 1058 (2014)..............................................2,6,13,25

*Gray v. Seaboard Securities, Inc.*, 241 F.Supp.2d 213 (N.D.N.Y.2003)........................................................................................................12,13,14,24,25,26

*Greater New York Metro. Food Council, Inc. v. Giuliani*, 195 F.3d 100 (2d Cir. 1999)..............13

*In re Integrated Resources Real Estate Ltd. P'ships Sec. Litig.*, 815 F.Supp. 620 (S.D.N.Y.1993).................................................................................................................37

*In re Lord Abbett Mutual Funds Fee Litigation*, 553 F.3d 248 (3rd Cir. 2009).............................12

*Norman v. Salomon Smith Barney, Inc.*, 350 F.Supp.2d 382 (S.D.N.Y. 2004)...............................................................................................................13,14,23,24,25,26,36

*Oom v. The Michaels Companies Inc.*, No. 1:16-cv-257, 2017 WL 3048540 (W.D. Mich. July 19, 2017)..............................................................................................................4,5,6,7,11

*Pearce v. Duchesneau Group, Inc.*, 392 F.Supp.2d 63 (D.Mass. 2005).........................................26

*Rowe v. Dean Witter*, 191 F.R.D. 398 (D.N.J. 1999)..................................................................7,34

*SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334 (11th Cir. 2010)...............................................................................................................................19,20,21

*Spanish Oaks, Inc. v. Hy-Vee, Inc.*, 265 Neb. 133, 655 N.W.2d 390 (Neb. 2003).........................16

*Stander v. Financial Clearing & Servs. Corp.*, 730 F.Supp. 1282 (S.D.N.Y. 1990).....................19

*Taksir v. The Vanguard Group, Inc.*, No. 16-5713 (E.D. Pa. Aug. 8, 2017))............................2,3,13

*Travis v. Vanguard Group, Inc.*, No. 07-3484 (E.D. Pa. May 15, 2008).......................................35

*Zimmerman v. FirsTier Bank, N.A.*, 585 N.W.2d 445 (Neb. 1998)..................................18,19

**STATUTES**

Securities Litigation Uniform Standards Act..................................................................................................*passim*

**RULES**

FINRA Rule 12204.................................................................................................................4

FINRA Rule 2510........................................................................................................8,9,25

Rule 12(b)(6)...................................................................................................*passim*

Rule 10b-5.......................................................................................................*passim*